UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------------

In re:

Stephen John Wiczek and
Donna Lorraine Wiczek,

               Debtors.

Bky. No.10-51280
Chapter 7 Case

------------------------------------

Terri A. Running, Trustee,

               Plaintiff

               v.

Stephen John Wiczek and Donna Lorraine
Wiczek,

               Defendants

Adv. Proc. No. 11-05006

**ANSWER TO AMENDED COMPLAINT**

------------------------------------

       Defendants above named, as and for their Answer to Plaintiff's Amended Complaint state and allege as follows:

       1.      Defendants admit paragraph 1.

       2.      Defendants admit paragraph 2.

       3.      Defendants admit paragraph 3.

       4.      Defendants admit paragraph 4.

       5.      Defendants admit paragraph 5.

       6.      Defendants admit that they paid ALHS the amounts listed in paragraph 6. Defendants further state that the amounts listed in paragraph 6 were related to an action relating to a foreclosure on the Defendant's home, and not related to their bankruptcy filing.

7. Defendants admit paragraph 7.

8. Defendants deny paragraph 8.

9. In response to paragraph 9, Defendant Stephen Wiczek admits that he had approximately $131,117.92 in his account at Lakewood Bank. Defendant further states that the money transferred from that account prior to his bankruptcy filing was to pay creditors of Falls Flag Source and to capitalize Nisswa Marine and keep it in business. Defendant denies that any money was transferred in order to "hide" it from creditors.

10. In response to paragraph 10, Defendant Stephen Wiczek admits that he received approximately $16,000 in payments from Medica. Defendant further denies that this payment was concealed. Defendant further asserts that his consulting agreement with Medica is an agreement for services actually provided. Defendant further denies that he made any knowingly false statements regarding his income from Medica.

11. In response to paragraph 11, Defendant Stephen Wiczek admits that he invoiced Medica for an amount of $16,000 for consulting work provided. Defendant further denies that he knowingly converted assets belonging to the bankruptcy estate.

12. In response to paragraph 12, Defendant Stephen Wiczek admits that he received an additional $16,000 payment from Medica in 2011.

13. In response to paragraph 13, Defendants state the following:

   a. Defendants admit that $32,000 was wired to Nisswa Marine, Inc. the day of the bankruptcy filing. Defendants further state that the purpose of this transfer was to capitalize Nisswa Marine and keep it in operation.

b. Defendants admit that a further $9,467.69 was transferred for the benefit of Nisswa Marine, Inc. for the purposes of capitalizing and keeping Nisswa Marine in operation.

   c. Defendants admit that $30,434.45 was transferred to pay J.C. Schultz, a trade creditor of Falls Flag Source.

   d. Defendants admit that $6,998.86 was transferred to pay Uncommon USA, a trade creditor of Falls Flag Source.

   e. Defendants admit that they made payments to ALHS for the purpose of paying for fees associated with the foreclosure action.

   f. Defendants admit that they paid Profinium Financial the amount of $10,700. Defendants further state this payment was made on the behalf of Gull Lake Properties, LLC, and that they were personal guarantors on the debt.

14. In response to paragraph 14, Defendants restate and re-allege the preceding paragraphs.

15. Defendants deny paragraph 15.

16. Defendants deny that they concealed any payments. Defendants admit that they made transfers as listed in their response to paragraph 13. Defendants deny that they made any knowingly false statement concerning the payment to Profinium Financial.

17. In response to paragraph 17, Defendants admit that Stephen Wiczek disclosed the nature of the payment to Profinium Financial at the 341 meeting.

18. In response to paragraph 18, Defendant Stephen Wiczek denies that he made any knowingly false statements concerning his income from Medica.

19. In response to paragraph 19, Defendants state that they had no obligation to disclose the receipt of tax returns prior to their bankruptcy in their statement of financial affairs. Defendants further state that even though they had no obligation to disclose these refunds, their 2009 tax refunds were in fact disclosed in their Amended Statement of Financial Affairs.

20. In response to paragraph 20, Defendants state that the transfers to Jeremy and Brent Wiczek were de minimis, and such transfers are not material. Defendants further state that the transfers to Profinium on behalf of Gull Lake Properties, LLC were fully disclosed to the Defendants' attorney.

21. In response to paragraph 21, Defendants state that the transfers to Nisswa Marine were fully disclosed to Defendants' attorney and were made in order to keep Nisswa Marine in operation. Defendants further state that the transfer of $32,000 to Nisswa Marine was disclosed in the Debtor's Amended Statement of Financial Affairs. Defendants further state that the pledge of stock to Pat Bartus was as unrecorded and unperfected transfer and that Defendants were told by their attorney that such a transfer need not be disclosed.

22. In response to paragraph 22, Defendants admit that bank accounts were closed. Defendants further state that the closure of these accounts is not relevant or material.

23. In response to paragraph 23, Defendants state that their YTD income was correctly described in the Schedules attached to their Amended Petition. Defendants further state that they timely amended their Statement of Financial Affairs to reflect a more accurate figure for YTD income. Defendants further state that the amount of Defendants' income was and is in no way relevant or material to this case.

24. Defendants deny paragraph 24 and further state that they paid $1,029.00 for the preparation of their bankruptcy petition and bankruptcy consultation. Other amounts were paid to the same firm for other non-bankruptcy related matters.

25. In response to paragraph 25, Defendants state that they initial neglected to disclose accounts held in the name of two relatives, but that these accounts were disclosed in Defendants' Amended Schedule B.

26. In response to paragraph 26, Defendants state the following:

   a. Defendants state that information concerning Pat Bartus was disclosed to Defendants' attorney, and Defendants' attorney said that Bartus need not be included on Defendants' Schedule F.

   b. Defendants state that Falls Flag Source had no creditors as of the date of filing. Falls Flag Source's creditors were paid in full prior to the filing of Defendant's bankruptcy petition.

   c. Defendants admit that Profinium Financial should have been scheduled as a creditor, and further state that the omission was an oversight.

   d. Defendants deny subsection d of paragraph 27 and further state that Gull Lake Properties owes Mr. McBride, not the Defendants personally.

27. In response to paragraph 27, Defendants state as follows:

   a. Defendants deny that there was any intent to conceal transfers to Nisswa Marine, Inc. Defendants further state that a payment to Nisswa Marine was disclosed at the first meeting of creditors and in Defendants' Amended Statement of Financial Affairs.

  b. Defendants deny that there was any intent to conceal payments owed by Medica pursuant to Stephen Wiczek's consulting agreement.

  c. Defendants deny that the counterclaim against Northern National Bank was an asset. Defendants further state that the counterclaim was at best a setoff against amounts owed.

28. In response to paragraph 28, Defendants state that the allegations contained in this paragraph are not relevant, as Defendants' debts were predominantly business debts.

29. In response to paragraph 29, Defendants restate and reallege the preceding paragraphs.

30. In response to paragraph 30, Defendants deny that they knowingly or fraudulently made material omissions, false oaths, or accounts in this bankruptcy case. Defendants admit that they amended certain schedules and their Statement of Financial Affairs. Defendants further state the following:

  a. Defendants state that the omission of the additional income from Medica was unintentional. Defendants' attorney was fully informed of the amount owed to Stephen Wiczek by Medica.

  b. Defendants state that their attorney was fully aware and informed of the payments to ALHS for legal fees relating to defending a foreclosure action against them. The omission of this information from the Statement of Financial Affairs was unintentional.

  c. Defendants state that ALHS knew of the payments to Medica and that the omission of the actual amount of payment was unintentional.

      d. Defendants state that the amounts paid to Jeremy and Brent Wiczcek were de minimis and were payments made on behalf of Falls Flag for wages owed.

      e. Defendants state that they amended their statement of financial affairs to reflect the $32,000 payment in good faith when they realized that the transfer was inadvertently omitted. Defendants further state that the alleged transfer to Pat Bartus was an unrecorded and unperfected transfer.

      f. Defendants state that the statement in item 9 of their Amended Statement of Financial Affairs is correct. Defendants paid ALHS $1,029.00 for preparation of their bankruptcy. Other sums were paid to ALHS relating to the foreclosure action.

31. In response to paragraph 31, Defendants restate and reallege the preceding paragraphs.

32. In response to paragraph 32, Defendants deny that they had any intent to hinder, delay, or defraud creditors or the trustee in any of the named transfers. Defendants specifically state the following:

      a. Defendants admit that $32,000 was transferred to Nisswa Marine on September 14, 2010. Defendants deny that the purpose of this transfer was to hinder, delay, or defraud creditors. Defendants state that the purpose of the transfer was to capitalize Nisswa Marine, pay Nisswa Marine's creditors, and keep Nisswa Marine in operation.

      b. Defendants admit that $9,467.69 was transferred to Nisswa Marine on September 14, 2010. Defendants further state that the purpose of this

transfer was to capitalize Nisswa Marine, pay Nisswa Marine's creditors, and keep Nisswa Marine in operation.

  c. Defendants admit that $30,434.45 was paid to J.C. Schultz, a creditor of Falls Flag Source. Defendants deny that the purpose of this transfer was to place assets out of the reach of the trustee or to harm other creditors.

  d. Defendants admit that $56,998.86 was transferred to Uncommon USA, a creditor of Falls Flag Source. Defendants deny that the purpose of this transfer was to place assets out of the reach of the trustee or to harm other creditors.

  e. Defendants deny that Stephen Wiczek knowingly concealed payments owed by Medica.

33. In response to paragraph 33, Defendants restate and reallege the preceding paragraphs.

34. In response to paragraph 34, Defendants deny that they made any knowing or fraudulent false statements during their 341 meeting.

35. In response to paragraph 35, Defendants restate and reallege the preceding paragraphs.

36. Defendants deny paragraph 36.

37. Defendants deny paragraph 37.

38. In response to paragraph 38, Defendants restate and reallege the preceding paragraphs.

39. Defendants deny paragraph 39.

40. Defendants deny paragraph 40.

41. Defendants deny paragraph 41.

42. In response to paragraph 42, Defendants restate and reallege the preceding paragraphs.

43. Defendants deny paragraph 43.

44. Defendants deny paragraph 44.

45. Defendants deny paragraph 45.

46. Except as hereinafter admitted, qualified or otherwise answered, Defendants deny each and every allegation of Plaintiff's Amended Complaint.

WHEREFORE, Defendants demand judgment as follows:

1. That the Plaintiff's Amended Complaint be dismissed, in its entirety, with prejudice.

2. That Defendants, as debtors, be granted their discharge in this case.

3. That Defendants be granted their costs and attorneys' fees, to the extent allowed by law.

4. That this Court grant such other relief as it deems equitable in the premises.


Dated: July 28, 2011     */e/ Thomas J. Flynn*
Thomas J. Flynn (30570)
Larkin Hoffman Daly & Lindgren Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota 55431-1194
(952) 835-3800

Attorneys for Defendants

1363553.1

UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF MINNESOTA

---

In re:                                      Bky. No.10-51280
                                             Chapter 7 Case
Stephen John Wiczek and
Donna Lorraine Wiczek,

                    Debtors.

---

Terri A. Running, Trustee,                   Adv. Proc. No. 11-05006

                    Plaintiff                **CERTIFICATE OF SERVICE**

         v.

Stephen John Wiczek and Donna Lorraine
Wiczek,

                    Defendants

---

Under penalty of perjury, the undersigned hereby declares that on July 28, 2011, in connection with the above-referenced adversary proceeding, the following documents:

- Answer to Amended Complaint

was filed by ECF and notice of filing will be sent to ECF filers that requested notice.

Dated: July 28, 2011            */e/ Thomas J. Flynn*
                                Thomas J. Flynn
1363553.1